UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P138-M

**DWAYNE LARRY EDDINGS**                                                                           **PLAINTIFF**

**v.**

**RON HERRINGTON,** *et al.*                                                           **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the court will dismiss the action.

**I. SUMMARY OF CLAIMS**

The plaintiff, Dwayne Larry Eddings, is currently confined in the Henderson County Detention Center ("Detention Center"). He initiated this civil rights action against two Detention Center employees: Chief Jailer Ron Herrington and Deputy Chief Jailer Col. Fowler. The plaintiff asserts two claims. First, he complains he suffered a back injury when he fell while cleaning his cell's vents. In his second claim, he complains that the institution is overcrowded, that inmates sleep on the floor, and that 12 inmates must share one toilet. According to his grievance, he sees "future problem[s] occuring because of all of the different attitudes and mood swings." (DN 1, Pt. 5). He seeks one million dollars for his pain and suffering.

**II. STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

This court's analysis begins with determining the capacity in which the plaintiff sued the defendants. It is the plaintiff's responsibility to identify that capacity. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989) (holding that this pleading requirement stems from Fed. R. Civ. P. 9(a) which requires a plaintiff to specify the capacity of the party sued in order to show the jurisdiction of the court). The plaintiffs must "'set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials.'" *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002) (quoting *Wells v. Brown*, 891 F.2d at 593).

While courts prefer that the plaintiffs specify the capacity in the initial complaint, they employ a "course of proceedings" test to determine whether the defendants received adequate notice of being sued individually, and therefore look to all the pleadings filed in the court soon after the suit is filed to determine whether the defendants received fair notice that they were sued as individuals. *Moore v. City of Harriman*, 272 F.3d 769, 772-73 (6th Cir. 2001) (en banc) (enunciating "course of proceedings test"); *Shepherd*, 313 F.3d at 967-68 ("Where no explicit statement appears in the pleadings, this Circuit uses a 'course of proceedings' test to determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable.").

Under the "course of proceedings" test, this court must consider "the nature of the plaintiff's claims, requests for compensatory or punitive damage, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Shepherd*,

3

313 F.3d at 968 (citing *Moore v. City of Harriman*, 272 F.3d at 772, n.1). This court must also consider whether subsequent pleadings put the defendant on notice of the capacity in which he or she is being sued. *Id*.

     Because the court must screen the complaint under § 1915A before the defendants are served, it applies the course of proceedings test to the complaint only. In the complaint, the plaintiff failed to identify the capacity in which he sued the defendants. He does, however, identify these particular defendants in connection with their official titles. He notes that Defendant Herrington is the Chief Jailer; he references Defendant Fowler as the Chief Deputy and Colonel. And he seeks money damages from each of them. While the *Moore* Court recognized that a request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, it also held that such is simply insufficient to put a defendant on notice that his personal funds are subject to suit. *Shepherd*, 313 F.3d at 969. Moreover, where the claim is asserted against a municipal employee, such damage awards could potentially come from the municipality itself. Here, this court concludes that the allegations in the complaint cannot put either defendant on notice that he is being sued individually especially in light of the fact that the plaintiff identifies the defendants by their official titles. Accordingly, the court construes the claims to be asserted against the defendants in their official capacities only.

     Since the court has determined that the plaintiff brought official capacity claims only, his claims are construed as being brought against Henderson County itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). When a § 1983 claim is made against a municipality, this court must analyze two distinct

elements: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120 (1992).

In the seminal case *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978), the U.S. Supreme Court set forth the circumstances under which a municipality could be held liable in a § 1983 civil action. The Court stated:

> Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Monell*, 436 U.S. at 691. Locating a policy or custom ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Board of County Com'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at 694).

To hold such a municipality accountable, therefore, a plaintiff must demonstrate some official policy or custom caused the constitutional violation. *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir. 1993) ("In analyzing the specific language in § 1983, the court in *Monell* concluded that the language plainly imposes liability on a governmental entity that, under the color of some official policy, "causes" an employee to violate another's constitutional rights"). The policy or custom "must be 'the moving force of the constitutional violation.'" *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)). Simply stated, a plaintiff must "identify the policy,

connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), *cert. denied*, 510 U.S. 1177 (1994).

The court concludes that the plaintiff failed to establish municipal liability. He did not identify a policy or custom that could be the moving force behind any alleged constitutional violation. And he failed to establish a constitutional violation.

First, the plaintiff seeks to hold the defendants liable for an injury sustained when he slipped and fell while cleaning the vents in his cell. The Supreme Court has recognized that the Due Process Clause of the Fourteenth Amendment recognizes a liberty interest in freedom from injury. *Daniels v. Williams*, 474 U.S. 327 (1986). However, that Court went on to hold that mere negligence in causing injury does not rise to the level of a due process violation. Here, the plaintiff failed to allege any facts that somehow hold these particular defendants responsible for the injury he sustained. Conclusory allegations fail to state a cognizable constitutional tort. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Moreover, if he is somehow attempting to assert a negligence claim against them, the Supreme Court has clearly rejected negligence as a basis for § 1983 liability.

As for the plaintiff's conditions of confinement claim premised on overcrowding, the court's analysis is governed by the Eighth Amendment, which imposes duties on prison officials to provide humane conditions of confinement. These officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527. While inmates

are not entitled to comfortable prisons, and "restrictive and even harsh" environments "are part of the penalty that criminal offenders pay for their offenses against society," the Eighth Amendment does indeed protect prisoners from the "unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Accordingly, the courts "have a responsibility to scrutinize claims of cruel and unusual punishment," and when such unconstitutional conditions exist, they must "discharge their duty to protect constitutional rights." *Id.* at 352 (internal quotation marks and citation omitted).

To establish an Eighth Amendment violation premised on unconstitutional conditions of confinement, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *Rhodes*, 452 U.S. at 347; *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The inmate must also show that the official knew of and disregarded the significant risk to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Those conditions which are deemed cruel and unusual under contemporary standards of decency are, therefore, unconstitutional. *Rhodes*, 452 U.S. at 347. In discussing the "contemporary standards of decency" criterion with respect to conditions of confinement claims, the Supreme Court has stated:

> [D]etermining whether [an inmate's] conditions of confinement violate the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the particular condition]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Here, the plaintiff complains of overcrowding which results in inmates sleeping on the floor, increased tension, and sharing of bathroom facilities. First, the plaintiff failed to allege that the defendants themselves acted with requisite state of mind as he did not allege that they acted with knowledge that harm would result to him due to the overcrowding. Moreover, overcrowding in and of itself does not violate the Constitution. *Rhodes*, 452 U.S. at 347-49. Only if the overcrowding leads to harmful effects on an inmate does such rise to the level of a constitutional claim. The court next turns to his specific claims associated with overcrowding.

The plaintiff alleges that inmates are forced to sleep in the floor. He failed to allege, however, that he personally has been subjected to such treatment and he may not assert claims for third parties. *Warth v. Seldin*, 422 U.S. 490 (1975). Moreover, the Sixth Circuit has held that requiring prisoners to sleep on the floor without likewise depriving them of essential food, basic sanitation, or safe temperatures does not rise to the level of an Eighth Amendment violation. *Brodak v. Nichols*, No 97-1688, 1998 WL 553032, *1 (6th Cir. Aug. 17, 1998).

With respect to the plaintiff's fear about his physical security, he did not allege that he personally has been attacked by another inmate or received specific threats to his safety. *See Knight v. Gill*, 999 F.2d 1020, 1022 (6th Cir. 1993). His fear of a future attack is simply insufficient to support a cognizable claim. *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) ("However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment."). As for the plaintiff's complaint about inmates' sharing toilet facilities, the court concludes that such does not deprive him of the

minimum civilized measures of life necessities. By its very nature, confinement results in inmates' sharing bathroom and other common facilities.

Finally, the plaintiff's Eighth Amendment claim is without merit because he failed to allege that he suffered a physical injury as a result of the conditions. In order to recover damages for pain and suffering in the context of an Eighth Amendment claim, which is the plaintiff's precise claim, an inmate must establish that he suffered a physical injury as a result of his conditions. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Jarriett v. Wilson*, 414 F.3d 634, 640 (6th Cir. 2005) (holding that § 1997e(e)'s physical injury requirement "applies to Eighth Amendment claims for emotional or mental damages"). He failed to make the requisite showing.

Because the plaintiff failed to state cognizable claims under § 1983, by separate order the court will dismiss his complaint.

Date:

cc: Plaintiff *pro se*
 Defendants
 4414.002